[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : November 3, 1994
Date of Application : November 3, 1994
Date Application Filed : November 3, 1994
Date of Decision : July 23, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Tolland.
Docket No. CR 93-50916
Albert Harper, Esq. Defense Counsel, for Petitioner
Atty. Patricia Swords, State's Attorney, for the State
BY THE DIVISION
The petitioner was convicted by entering a plea of nolocontendere to the first count Custodial Interference, in the First Degree a violation of Conn. General Statutes Sec. 53a-97)a) and a plea of guilty to the second count of Assault in the Third Degree, a violation of Conn. General Statutes Sec. 53a-61. The CT Page 5115-T court imposed the maximum sentence of five years to serve on the custodial interference charge and a sentence of 6 months consecutive on the assault charge for a total effective sentence of 5 years and 6 months in the custody of the Commissioner of Corrections.
This case involves a custody battle for the only child of the union of both parents. On July 20, 1990, the child "Lanny" was taken by force by the petitioner from his maternal grandmother. The petitioner is the natural father of Lanny. At the time of the taking the mother had both legal custody of the child and a restraining order prohibiting the petitioner from having any contact with the child. Upon taking the child the petitioner relocated, with the child, to the Commonwealth of Puerto Rico. The petitioner remained in Puerto Rico with the child for some two years. After being apprehended (and confined) the petitioner apparently has been assisting in resolving the custody issue. Apparently, any resolution is being thwarted by the paternal grandparents who now have de facto custody.
The attorney for the petitioner indicated that this is a difficult case which is not yet fully resolved. Counsel indicated in his opinion an "injustice has been done . . ." to the petitioner. That this is a "10 year war" over custody of the child wherein the Supreme Courts of Connecticut and Puerto Rico have reached opposite conclusions relevant to the custody of the child. Petitioner's counsel indicated there have been countless efforts made to resolve the custody issue.
Counsel indicated that in light of the maximum sentence imposed on the custodial interference charge it is his opinion that the sentencing judge failed to factor in to the sentencing scheme the fact that petitioner entered a plea of guilty to the charge (defendant had on prior occasions entered pleas of guilty, only to have them vacated because the dispositions were not accepted by the prior court) thereby saving the state from the costs and uncertainties of trial and failed to consider the petitioner's accomplishments while incarcerated.
The state's attorney stressed that at the time of sentencing the mother had not seen her child for 4 1/2 years; that the defendant made no effort to return child to the mother until he was apprehended; that the petitioner violated the Connecticut custody order and no contact order; that when apprehended in Puerto Rico the petitioner posted bond and failed to appear in violation of the CT Page 5115-U conditions of release. All these factors, the attorney for the state argued, demonstrates that petitioner has no respect for the law.
The sentencing court commented on the petitioner's prior criminal history and his prior violation of probation. The court emphasized that the petitioner "deliberately went outside the law" and kept his child from the mother for a period of two years and until petitioner's apprehension there was no effort to reunite the child with his mother. The court opined that the keeping of the child from the mother for the 2 year period was "cruel" and called for a "substantial punishment"." The court indicated it had read all the extensive materials submitted.
Pursuant to Conn. Practice Book Sec. 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purpose for which the sentence was intended."
The Review Division is without authority to modify sentences except in accordance with the provisions of Practice Book Sec. 942 and Conn. General Statutes Sec. 51-194 et seq.
In In reviewing the record as a whole, this Division finds that the sentencing court's action were in accordance with the parameters of Practice Book Sec. 942.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
PURTILL, J.
NORKO, J.
MIANO, J.
Purtill, J., Norko, J., Miano, J., participated in this Decision. CT Page 5115-V